*In re* NELSON D. SOTO CARDONA.

*Número:* AB-96-124          *Resuelto:* 5 de mayo de 1997

*Eduardo Villanueva Muñoz*, abogado del querellado; *Carlos Lugo Fiol, Procurador General, Edda Serrano Blasini, Subprocuradora General*, y *Héctor Clemente Delgado, Procurador General Auxiliar*, abogados de El Pueblo.

PER CURIAM:

## I

El 30 de julio de 1994, la Sra. María Noelia Vélez Rivera, su esposo y la sociedad de gananciales compuesta por

ambos presentaron una demanda por daños y perjuicios ante el Tribunal de Primera Instancia contra el Estado Libre Asociado (en adelante el E.L.A.), el doctor Santos Llanos y su esposa, y el Centro de Medicina y Cirugía Ambulatoria de San Sebastián, Inc., entre otros. A través de dicha acción alegaron que la negligencia del E.L.A., en el mantenimiento de una carretera, había provocado un accidente automovilístico en el cual había resultado lesionada la señora Vélez Rivera, y que, como consecuencia de la negligencia y la mala práctica de la medicina incurrida posteriormente por los Dres. Eduardo Rodríguez Vázquez y Rafael Santos Llanos en el Centro de Medicina y Cirugía Ambulatoria de San Sebastián, ésta había sufrido daños adicionales.

Así las cosas, el 6 de marzo de 1995 el codemandado —el Centro de Medicina y Cirugía Ambulatoria de San Sebastián— presentó su contestación a la demanda, la cual aparece suscrita por el Lcdo. Nelson Soto Cardona. Además, mediante una comunicación escrita de 12 de julio de 1995, reclamó al Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Profesional Médico-Hospitalaria (en adelante SIMED) una cubierta bajo cierta póliza de seguros que había sido expedida. Esta cubierta le fue denegada por el asegurador. Por su parte, el 8 de septiembre de 1995, el doctor Santos Llanos presentó una moción informativa por derecho propio ante el tribunal de instancia para alegar que, aunque había sido incluido en la demanda presentada, no había sido emplazado. Pero que, en aras de la economía procesal, se sometía de forma voluntaria a la jurisdicción del tribunal.

Sin embargo, el 27 de marzo de 1996 el doctor Santos Llanos compareció de nuevo ante el foro de instancia siendo representado por SIMED, mediante el Lcdo. Mario Pabón Rosario, y solicitó la desestimación de la demanda instada en su contra. Alegó esta vez que su anterior moción

había sido presentada pasado un año de la presentación de la demanda. En específico, sostuvo que luego de que transcurriera un año de la presentación de la referida acción, se le había acercado el Lcdo. Nelson Soto Cardona, abogado del codemandado Centro de Medicina y Cirugía Ambulatoria de San Sebastián, y le había presenta un documento para que lo firmara a los efectos de "ponerse a la disposición del Tribunal y pedir tiempo para notificar a la compañía aseguradora". Añadió que en dicha ocasión el referido abogado no le advirtió sobre los derechos que le asistían a tenor de la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III,[1] en vista de que había transcurrido más de un (1) año sin que hubiese sido emplazado.

Celebrados los trámites correspondientes, el tribunal de instancia declaró sin lugar la moción de desestimación presentada, tras concluir que el doctor Santos Llanos se había sometido de forma voluntaria a la jurisdicción del tribunal. Inconforme, el referido codemandado recurrió ante el Tribunal de Circuito de Apelaciones, Circuito Regional de Aguadilla y Mayagüez. Dicho foro emitió una orden para mostrar causa por la cual no debía revocarse la resolución recurrida y, a su vez, concedió un término al licenciado Soto Cardona para que mostrara causa por la cual no debía referirse el expediente ante este Tribunal, a los fines de que se evaluara su conducta a la luz del Código de Ética Profesional.

El licenciado Soto Cardona compareció ante el tribunal apelativo para alegar que tras una reunión entre el codemandado doctor Rodríguez Vázquez y el doctor Santos Lla-

---

[1] La Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone lo siguiente:

"(b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término solo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida con perjuicio."

nos, este último había acordado someterse voluntariamente a la jurisdicción del tribunal con el propósito de evitar que hubiese que incluirlo en el pleito mediante una demanda contra tercero o contra coparte, ya que existía una relación de amistad entre ambos. Sostuvo, además, que las defensas que se podían presentar en cuanto a cada uno de los codemandados resultaban ser distintas.

El 26 de noviembre de 1996, el Tribunal de Circuito de Apelaciones emitió una sentencia en la cual revocó la resolución recurrida y ordenó la desestimación de la demanda incoada por la señora Vélez Rivera contra el doctor Santos Llanos. No obstante, sostuvo que el licenciado Soto Cardona había dado asesoramiento legal a un codemandado a quien no estaba representando ante el tribunal, lo cual podía redundar en detrimento de dicha parte. Señaló, además, que el haber representado al doctor Santos Llanos podría haber generado un conflicto de intereses. Por consiguiente, el tribunal apelativo remitió el expediente ante este Tribunal.

El 10 de enero de 1997 emitimos una resolución para remitir el asunto a la Oficina del Procurador General de Puerto Rico para la investigación correspondiente. En consecuencia, el 18 de febrero de 1997 el Procurador General presentó su informe ante este Tribunal. A través de éste, sostuvo que la documentación que obra en autos establece fuera de toda duda el hecho de que el licenciado Soto Cardona intervino en la preparación de un escrito para la firma del doctor Santos Llanos, en el cual el referido galeno se sometía de forma voluntaria a la jurisdicción del Tribunal de Primera Instancia, y que tal actuación iba en menoscabo de los intereses de dicha parte. Ello en vista de que legalmente éste no tenía ninguna obligación de comparecer al pleito antes de ser emplazado. Añadió que al suscribirse dicho documento existía un claro beneficio para el cliente que representaba el licenciado Soto Cardona, a saber, el Centro de Medicina y Cirugía Ambulatoria de San

Sebastián, conforme a la estrategia que se había desarrollado para que bajo la póliza, que SIMED había expedido a favor del doctor Santos Llanos, estuviera cubierta la responsabilidad de la antes aludida facilidad de salud.

No obstante, en vista de que el licenciado Soto Cardona nunca llegó a asumir la representación legal del doctor Santos Llanos, el Procurador General concluyó que su conducta no se encontraba reñida con la norma sobre intereses encontrados consagrada en el Canon 21 del Código de Etica Profesional, 4 L.P.R.A. Ap. IX. Sin embargo, adujo que resultaba de aplicación el Canon 28 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en cuanto dispone que todo abogado debe abstenerse de aconsejar o incurrir en conducta que pueda inducir a error a una parte que no esté, a su vez, representada por abogado. En consecuencia, recomendó que se censurase la conducta del licenciado Soto Carmona y que se le apercibiera de que en el futuro deberá cumplir con lo establecido en el Código de Ética Profesional.

El 7 de marzo de 1997 emitimos una resolución en la que concedimos un término al abogado querellado para que expusiera su posición en torno al informe presentado por el Procurador General. Además, le ordenamos mostrar causa, si la hubiere, por la cual no se debía atender el asunto por haber sido sometido sin la celebración de trámites ulteriores. En cumplimiento de dicha orden, el 14 de abril de 1997 el licenciado Soto Cardona compareció ante nos y señaló que cometió un error de juicio al recomendar al doctor Santos Llanos que se sometiera a la jurisdicción del foro de instancia, pero que ello no ocasionó daños. Añadió que dicho error estuvo predicado en su creencia de que SIMED ofrecería una cubierta, y que tan pronto se percató de que ésta no se ofrecería, trató de convencer a su cliente para que desistiera de la demanda presentada contra el doctor Santos Llanos, lo cual eventualmente se produjo.

Por último, el abogado querellado sostuvo que lleva quince (15) años ejerciendo la profesión de una manera limpia y productiva; que su intención no fue la de representar al doctor Santos Llanos o, mucho menos, inducirlo a error; que ha mostrado arrepentimiento por el error cometido, y que su historial profesional limpio y honesto, así como sus servicios *a la comunidad en la cual labora y sus aportaciones a la* profesión, justifican que este Tribunal se limite a proveer como sanción una mera amonestación y apercibimiento.

A tales efectos, acompaña su escrito con una comunicación del doctor Santos Llanos, mediante la cual sostiene que las actuaciones del referido abogado no le han causado daños; que ya no pesa en su contra ninguna reclamación en cuanto al pleito instado, y que nunca ha sido su intención querellarse contra el licenciado Soto Cardona. Además, el abogado querellado incluye varias declaraciones juradas de abogados que acreditan su reputación, así como un certificado de mérito que le fuera otorgado por el Tribunal de Primera Instancia, Asuntos de Menores.

Quedando el caso sometido, pasamos a resolver.

## II

En lo pertinente el Canon 21 del Código de Ética Profesional, *supra,* dispone, en lo pertinente, lo siguiente:

> No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, *en beneficio de un cliente,* es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones *para con otro cliente.* (Énfasis suplido.)

Como podrá notarse, para que entre en vigor la prohibición sobre conflicto de intereses, dispuesta por el canon antes transcrito, se requiere la existencia de una

relación abogado-cliente dual. Véanse, además: *In re Soto*, 134 D.P.R. 772 (1993); *In re Belén Trujillo*, 126 D.P.R. 743 (1990); *García O'Neill v. Cruz*, 126 D.P.R. 518 (1990); *In re Roldán González*, 113 D.P.R. 238 (1982); *In re Rodríguez Torres*, 104 D.P.R. 758 (1976). En consecuencia, coincidimos con el Procurador General a los efectos de que, en vista de que el licenciado Soto Cardona no llegó a asumir la representación legal del doctor Santos Llanos, la conducta desplegada por el referido abogado no se encuentra enmarcada dentro de la norma sobre intereses encontrados dispuesta por el aludido Canon 21.

■ Ahora bien, la situación que plantea el caso que nos ocupa es una en la que el abogado voluntariamente brinda asesoramiento a una parte contraria que no cuenta con representación legal, induciéndolo a error. Sobre el particular, el Canon 28 del Código de Ética Profesional, *supra,* dispone que:

> El abogado no debe en forma alguna, comunicarse, negociar ni transigir con una parte representada por otro abogado en ausencia de éste. *Particularmente, debe abstenerse de aconsejar o incurrir en conducta que pueda inducir a error a una parte que no esté a su vez representada por* abogado. (Énfasis suplido.)

En el caso de autos, no existe controversia sobre el hecho de que el licenciado Soto Cardona, abogado del codemandado Centro de Medicina y Cirugía Ambulatoria de San Sebastián, intervino con el también codemandado doctor Santos Llanos mediante la preparación de un escrito, a través del cual dicho galeno, por derecho propio, se sometió voluntariamente a la jurisdicción del foro de instancia. Al así actuar, el abogado querellado indujo al doctor Santos Llanos a actuar en menoscabo de sus intereses, en vista de que legalmente éste no tenía obligación de comparecer al pleito antes de ser emplazado.

En síntesis, y a la luz de todo lo antes expuesto, concluimos que el Lcdo. Nelson D. Soto Cardona incurrió en violación al Canon 28 del Código de Ética Profesional, *supra*. No obstante, al determinar la sanción disciplinaria que se habrá de imponer a un abogado que haya incurrido en conducta impropia, hemos considerado como atenuantes, entre otras cosas, la buena reputación del abogado en la comunidad, si se trata de una primera falta y si ninguna parte ha resultado perjudicada. Véanse: *In re Méndez Rivera*, 141 D.P.R. 753 (1996); *In re Vera Vélez*, 136 D.P.R. 284 (1994); *In re Soto*, supra; *In re Pérez Santiago*, 131 D.P.R. 676 (1992); *In re Díaz Alonso Jr.*, 115 D.P.R. 755 (1984).

Por consiguiente, en vista de que el abogado querellado ha gozado de buena reputación durante los quince (15) años que ha ejercido la abogacía, y tomando en consideración que ninguna parte ha resultado perjudicada con sus actuaciones, *procede que limitemos la sanción disciplinaria a censurar al licenciado Soto Cardona por su actuación. Además, se le apercibe de que en el futuro deberá dar fiel cumplimiento a los cánones de ética profesional que rigen la profesión de abogado o, de lo contrario, podría ser objeto de sanciones disciplinarias más severas.*

*Se dictará sentencia de conformidad.*