EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Iván F. González Carmona | 2007 TSPR 163<br><br>172 DPR _____ |

Número del Caso: CP-2004-5

Fecha: 27 de agosto de 2007

Oficina del Procurador General:

        Lcda. Noemí Rivera De León
        Procuradora General Auxiliar

        Lcda. Mariana Negrón Vargas
        Subprocuradora General

Abogado de la Parte Querellada:

        Lcdo. Efraín Guzmán Mollet

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Iván F. González Carmona                CP-2004-5

PER CURIAM

En San Juan, Puerto Rico, a 27 de agosto de 2007.

El 10 de mayo de 2004, la Oficina del Procurador General presentó un Informe para someter a la consideración de este Tribunal cierta conducta incurrida por el querellado en su gestión profesional. Mediante Resolución del 12 de julio de 2004, ordenamos al Procurador General presentar la querella con los cargos correspondientes a fin de continuar con el procedimiento disciplinario. Así se hizo el 22 de septiembre de 2004.

La querella presentada contra el Lcdo. Iván F. González Carmona en este caso le imputa haber violado el Canon 21 de los de Ética

Profesional, 4 L.P.R.A. Ap. IX, C.21, el cual dispone, entre otras cosas, que un profesional no debe representar intereses encontrados.

Adujo el Procurador que el querellado, siendo el representante legal de uno de los miembros de una sociedad legal de gananciales en liquidación, aceptó ser y compareció ante los tribunales como el representante legal de posibles deudores de dicha sociedad. De esa forma, incurrió  según el Procurador en un evidente conflicto de intereses "en tanto su deber era abogar (en beneficio del miembro de la extinta sociedad ganancial en liquidación) por aquello a que debía oponerse (en beneficio de los posibles deudores de la sociedad)". El licenciado González Carmona negó la violación ética imputada. Adujo que contrario a lo alegado sus representados tenían intereses en común y reclamos similares, no habiendo pues el conflicto de intereses contemplado por el Canon.

El 10 de febrero de 2005 designamos a la Lcda. Igrí Rivera de Martínez, ex Jueza de Apelaciones, como Comisionada Especial para recibir la prueba del caso y rendir un informe con las determinaciones de hechos y recomendaciones pertinentes.

I

El proceso judicial que dio origen a la queja que inició el presente procedimiento disciplinario comenzó con una demanda de fecha 11 de febrero de 1999 en el caso de Teresa López v. Arturo Núñez Salgado, Civil Núm. DAC-99-

0165, (406) Tribunal de Primera Instancia, Sala Superior de Bayamón. El licenciado González Carmona asumió la representación legal de la demandante, Sra. Teresa López, después de comenzado el caso. En este proceso, la señora López solicitaba la liquidación de los bienes de la sociedad de bienes gananciales habida con el Sr. Arturo Núñez Salgado, que se había extinguido por sentencia de divorcio decretado el 8 de junio de 1998. Específicamente, la señora López reclamó la división de los haberes gananciales consistentes en su interés pecuniario en dos (2) bienes inmuebles.

El señor Núñez Salgado contestó la demanda el 10 de mayo de 1999. En agosto de 2002, presentó demandas contra el tercero demandado Paul Parson, contra la "cuarta demandada", Luz María Rodríguez García, y contra la "quinta demandada", Natalia Teresa Marín López.

Respecto al señor Parson, quien era compañero consensual de la señora López, el señor Núñez reclamó una deuda por el alegado uso de bienes inmuebles pertenecientes a la sociedad legal de gananciales. En cuanto a la señora Rodríguez García, denominada como cuarta demandada, el señor Núñez alegó que ésta adeudaba a la sociedad legal de gananciales, veintiún mil (21,000.00) dólares de un supuesto pagaré que se otorgó en el año 1988 como resultado de la compraventa de una propiedad ganancial. A la "quinta demandada", Natalia Teresa Marín López, hija de la demandante Teresa López Reyes, el señor

Núñez le reclamó un dinero alegadamente apropiado por ella, perteneciente a la sociedad legal de bienes gananciales.

El Lcdo. Iván González Carmona asumió la representación legal de todas las partes demandadas y contestó las tres demandas de forma separada. En dichas contestaciones el licenciado González planteó que las deudas y reclamaciones alegadas por el señor Núñez eran inexistentes, irreales y sin fundamento alguno. En vista celebrada el 11 de abril de 2003 se informaron al tribunal unos acuerdos entre las partes que de forma definitiva pusieron fin a las demandas tercera y quinta. Acorde a ello, el foro de instancia dictó sentencia el 17 de septiembre de 2003, notificada el 7 de octubre de 2003, archivando con perjuicio las reclamaciones contra Paul Parson y Natalia Marín. La reclamación contra Luz M. Rodríguez García quedó pendiente.

Una vez advino final y firme la sentencia aludida, y mientras se dilucidaban en el foro de instancia otros asuntos relativos a la custodia de una menor hija de la señora López y el señor Núñez, se presentó la queja que ha motivado el presente procedimiento disciplinario el 25 de noviembre de 2003. Posteriormente, el 16 de junio de 2004, el licenciado González Carmona renunció a la representación legal en el caso sobre liquidación de bienes, mencionado anteriormente. También lo hizo en el caso de divorcio, dentro del cual se estaba dilucidando lo

relativo a la custodia de la menor hija del señor Núñez y la señora López.

El señor Núñez ya había solicitado la descalificación del licenciado González Carmona, durante el proceso de divorcio, imputando violación al Canon 21 de Ética Profesional. El Tribunal de Primera Instancia, mediante Resolución de fecha 3 de marzo de 2004, determinó que ello no procedía.

II

El Canon 21 de Ética Profesional dispone como sigue:

> El abogado tiene para con su cliente un deber de lealtad completa. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su consejero. Ningún abogado debe aceptar una representación legal cuando su juicio profesional pueda ser afectado por sus intereses personales.

> **No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.**

> La obligación de representar al cliente con fidelidad incluye la de no divulgar sus secretos o confidencias y la de adoptar medidas adecuadas para evitar su divulgación. Un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior ni servir como árbitro, especialmente cuando el cliente anterior le ha hecho confidencias que puedan afectar a una o otro cliente, aún cuando ambos clientes así lo aprueben. Será altamente impropio de un abogado el utilizar las confidencias o

secretos de un cliente en perjuicio de éste. (Énfasis suplido).

. . .

En *In re:* Avilés Cordero, Tosado Arocho, 157 D.P.R. 867, 882 (2002), citando a In re: Sepúlveda Gión, 155 D.P.R. 345, 355 (2001), expresamos lo siguiente:

> El conflicto de intereses contemplado en el Canon 21 de Ética Profesional, presenta tres (3) situaciones que deben ser evitadas por todo abogado: "... **que en beneficio de un cliente se abogue por aquello a lo que el letrado debe oponerse en cumplimiento de sus obligaciones para con otro cliente**; que un abogado acepte la representación de un cliente en asuntos que puedan afectarse adversamente cualquier interés de un cliente anterior; y que un abogado acepte una representación legal, o que continúe en ella, cuando su juicio profesional pueda ser afectado por sus intereses personales". Es decir, dicha norma ética pretende evitar conducta profesional que mine el principio cardinal de confianza en que debe fundamentarse toda relación fiduciaria entre un abogado y su cliente. (Énfasis suplido).

En Otaño v. Vélez, 141 D.P.R. 820, 826 (1996), indicamos que:

> El citado Canon 21 le impone a todo abogado el deber de evitar tres situaciones básicas, a saber: (1) aceptar la representación legal cuando a su juicio ésta puede verse afectada por sus expectativas o intereses personales; **(2) aceptar la representación legal simultánea de dos clientes distintos con intereses contrapuestos**, y (3) aceptar la representación de un cliente en asuntos que puedan afectar cualquier interés de un cliente anterior. (Énfasis suplido).

Hemos explicado que para que entre en vigor la prohibición sobre conflicto de intereses del Canon 21 se requiere la existencia de una relación de abogado-cliente *dual. In re*: Soto Cardona, 143 D.P.R. 50 (1997).

Existente ésta se debe determinar si ello implica representar intereses encontrados o incompatibles, *In re*: Pizarro Santiago, 117 D.P.R. 197 (1986), o que puedan serlo potencialmente, Sánchez Rodríguez v. López Jiménez, 16 D.P.R. 172 (1985). Cabe recordar que la representación simultánea de partes con **potencial** conflicto de intereses es éticamente impermisible. *Ibid*.

En el caso de autos, el licenciado González Carmona aceptó la representación legal de clientes con intereses contrapuestos. Representaba a la señora López y a varias de las personas demandadas por el señor Núñez. De concederse lo solicitado en dichas demandas se acrecentaría el caudal de la extinta sociedad legal de gananciales, lo cual sería negativo para los demandados que él representaba pero beneficiaría a la señora López. Por el contrario, de triunfar los demandados que él representaba, se reduciría el caudal potencial de la comunidad post matrimonial perjudicando a la señora López. Esta era la realidad procesal, inalterada por la falta de interés de la señora López en reclamarle pago alguno a dichos demandados ni el convencimiento moral del abogado de que éstos nada adeudaban.

La realidad del conflicto de intereses en que se ubicó el licenciado González Carmona se hace más patente en la situación de la cuarta demandada, Sra. Luz Rodríguez. El querellado insistió en que la señora Rodríguez no adeudaba ningún dinero a la sociedad de

gananciales; que el pagaré que ésta suscribió a favor de la sociedad de gananciales se hizo en ánimo de favorecerla en un proceso de quiebra y con el consentimiento tanto del señor Núñez y como de la señora López. Esa reclamación a la fecha en que se presenta la querella y se emite el Informe de la Comisionada Especial estaba aún pendiente de adjudicación ante el Tribunal de Primera Instancia. Es decir, la señora Rodríguez sigue siendo, potencialmente, deudora de la sociedad de gananciales una vez compuesta por la señora López y el señor Núñez. Más aún, a quien único le compete resolver si la señora Rodríguez y los demás demandados representados por el licenciado González Carmona realmente debían algo a la sociedad de gananciales es al Tribunal de Primera Instancia, a base de la prueba presentada por un abogado libre de conflictos. En vez, basándose en la información que le ofreció la señora López, el querellado decidió, él mismo, que los señores Parson, Marín y Rodríguez no debían nada a la sociedad de gananciales, lo cual le permitía asumir la representación de todos ellos y continuar con la de la señora López sin conflictos de interés.

                                III

En su oposición al Informe de la Comisionada Especial el licenciado González Carmona reitera los argumentos vertidos a lo largo del proceso disciplinario. Expone primeramente que nunca representó a la sociedad legal de

gananciales compuesta por la señora López y el querellante señor Núñez, sino que siempre fue representante de la señora López. Indica que no hubo prueba respecto a si "existía o podía existir acreencias que causaban el conflicto de interés" y cuestiona el que la Comisionada haya arribado a conclusiones respecto a ello "a base de meras alegaciones".

A pesar del énfasis que da a ese argumento, no encontramos en el Informe de la Comisionada Especial que se hubiera concluido que el Lcdo. González Carmona fuera en algún momento representante legal de la sociedad de gananciales. Tampoco resulta pertinente al cargo imputado. En cuanto a las "acreencias", la Comisionada no llegó a otra conclusión que no fuera que eran los tribunales quienes podían determinar si éstas existían y no el licenciado González Carmona, y que precisamente por esa razón éste no debió haber asumido la representación de las partes "tercera, cuarta y quinta demandadas", confiado en su certeza personal de que no había tales deudas. Por otra parte, no es en el procedimiento disciplinario que debe litigarse la existencia de las deudas alegadas por el señor Núñez, sino en el Tribunal de Primera Instancia.

Tampoco resulta determinante en cuanto a la violación ética imputada el que la parte representada por el licenciado González Carmona no reclamara nada a sus otros representados. Lo importante, según hemos explicado, es que si ellos efectivamente debían algo a la

extinta sociedad legal de gananciales, como alegaba el señor Núñez y sólo podía resolver el tribunal, el pago de lo adeudado beneficiaría a la señora López, dado el interés que esta tenía en los bienes aún no liquidados de dicha sociedad. Por eso, el verse obligado a alegar que sus nuevos clientes no adeudaban nada a la extinta sociedad de gananciales confligía potencialmente con el interés de su primera cliente.

El licenciado González Carmona reitera en varias ocasiones que la sentencia en la cual se archivaron con perjuicio las reclamaciones en cuanto a los demandados tercero y quinto demuestra que nunca existieron las alegadas deudas de éstos para con la sociedad de gananciales. Ello no es pertinente. La violación al Canon 21 de Ética Profesional **no dependía de que no se archivaran** las reclamaciones contra los posibles deudores de la sociedad de gananciales. Esto no cambia la realidad de que se incurre en conflicto de interés al representar a un miembro de una sociedad ganancial en liquidación y al mismo tiempo representar a presuntos deudores de dicha sociedad.

Como hemos señalado, tampoco es pertinente a la evaluación de un posible conflicto de intereses el que todos los clientes hayan consentido a ser representados simultáneamente por el Lcdo. González Carmona. El que las partes den sus consentimientos para que el abogado los represente a todos no elimina el conflicto de interés ni

le permite a éste aceptar dicha representación. Otaño v. Vélez, *supra*. Al momento en que el licenciado González Carmona aceptó la representación legal del tercero, cuarto y quinto demandado, la controversia en torno a la existencia de deudas de éstos a favor de la sociedad de gananciales de la cual su clienta formó parte, y cuya liquidación estaba pendiente, se encontraba ante la consideración del Tribunal. Al así actuar el abogado violó el Canon 21 de Ética Profesional.

IV

En su informe la Comisionada Especial nos señala, como atenuantes, los siguientes:

(1) El querellado no ha tenido nunca queja alguna, por lo que no se había visto en al situación de enfrentar un proceso disciplinario, siendo ésta la primera vez.

(2) No hay prueba de que los motivos del querellado hayan sido lucrarse indebidamente o cualquier otro propósito que no fuere lo que equivocadamente consideró era su deber, ante la convicción íntima y moral de que lo que le indicaron sus clientes sobre la falsedad de las deudas, era cierto.

(3) No hay prueba de que su actuación haya causado daño a ninguna de las partes, por lo que no existe reclamación judicial alguna de la cual tengamos conocimiento al día de hoy contra el licenciado González Carmona. De hecho, como parte del acuerdo transaccional de las partes, según consta en la sentencia de fecha 17 de septiembre de 2003, el quejoso y allí demandado, Sr. Arturo Núñez, desistió, con perjuicio, de su demanda contra el tercero demandado y la "quinta" demandada.

A tenor con nuestros pronunciamientos, y tomando en consideración todas la circunstancias del presente caso, en especial que la conducta del querellado no parece haber perjudicado a terceros, limitamos la sanción impuesta al licenciado González Carmona a una censura severa y le apercibimos que, en el futuro, debe ejercer mayor cautela al evaluar las situaciones que pudieran generar un conflicto de intereses o una apariencia de impropiedad.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In Re*:

Iván F. González Carmona       CP-2004-5       *Certiorari*


SENTENCIA

En San Juan, Puerto Rico, a 27 de agosto de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, se le impone como sanción al licenciado González Carmona una censura severa y le apercibimos que, en el futuro, debe ejercer mayor cautela al evaluar las situaciones que pudieran generar un conflicto de intereses o una apariencia de impropiedad.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal. La Jueza Asociada señora Rodríguez Rodríguez concurre sin opinión escrita.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo