EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2008 TSPR 57 |
| Shirley Monge García | 173 DPR _____ |

Número del Caso: CP-2006-14
                 CP-2006-15

Fecha: 28 de marzo de 2008

Oficina del Procurador General:

              Lcda. Noemí Rivera de León
              Procuradora General Auxiliar

Abogado de la Parte Querellada:

              Lcdo. Arturo Negrón García

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Shirley Monge García

CP-2006-14
CP-2006-15

*PER CURIAM*

San Juan, Puerto Rico, a 28 de marzo de 2008

Las quejas de epígrafe fueron presentadas por los señores Ángel D. Rodríguez Cruz y Bernard Hall Marín en contra de la Lcda. Shirley M. Monge García,[1] a raíz de la representación legal que ésta les brindó en los casos Ángel D. Rodríguez v. Lockheed Martín Technical , OP, and ACE USA y Bernard Hall Marín v. ITT Federal Services International Corp. and ACE USA, respectivamente.

Ambos procedimientos disciplinarios fueron consolidados. Exponemos los hechos conforme éstos surgen del expediente y del Informe del Comisionado Especial.

---

[1] La Lcda. Shirley M. Monge García fue admitida al ejercicio de la abogacía en Puerto Rico el 8 de agosto de 1990 y al ejercicio del notariado el 24 de mayo de 1995.

I

En febrero del 2001, los quejosos solicitaron la representación legal de la licenciada Monge García en torno a unas reclamaciones administrativas ante el Departamento del Trabajo Federal, contra sus anteriores patronos y la compañía aseguradora de estos.[2] Los mencionados patronos eran unas compañías privadas contratadas por el Departamento de Defensa de los Estados Unidos, para prestar distintas labores en el *Vieques Navy Range.* Los quejosos alegaban haber estado expuestos a unos contaminantes tóxicos mientras trabajaban, por lo que las reclamaciones que tenían eran sobre accidente de trabajo y enfermedad ocupacional, bajo el estatuto federal *Defense Base Act.*

Posteriormente, el abogado de ITT, Keith L. Flicker[3], se comunicó con la licenciada Monge García para solicitarle que compareciera en el caso Ventura v. ITT y ACE American Insurance Co., ante el Tribunal Federal para el Distrito de Puerto Rico, en representación de las compañías demandadas. Según la querellada, el abogado Flicker le solicitó el referido "favor" en lo que él

---

[2] Como expresáramos antes, las compañías contra las cuales se instó demanda son Lockheed Martin Technical, OP, ITT Federal Services International Corporation y ACE American Insurance.

[3] El abogado Keith Flicker está admitido al ejercicio de la abogacía en Nueva Jersey y Nueva York, más no está admitido para ejercer la abogacía en Puerto Rico. Éste no puede comparecer al Tribunal Federal para el Distrito de Puerto Rico sin una previa autorización del referido tribunal a esos efectos.

conseguía otro abogado local o en lo que le aprobaban su intervención *Pro Hac Vice*, ya que le urgía presentar la contestación a la demanda antes de que transcurriese el término estatutario. El pleito era uno sobre daños y perjuicios presentado bajo el *Jones Act,* por un empleado que se lesionó en un barco trabajando para ITT.

La licenciada Monge García compareció ante el foro federal el 10 de septiembre de 2004 solicitando una prórroga para contestar.[4] Oportunamente, la abogada querellada también presentó la contestación a la demanda y un memorando conjunto sobre la propuesta inicial del calendario. Posteriormente, radicó la solicitud *Pro Hac Vice* del abogado Flicker. Esta última fue denegada, por lo que Flicker contrató al Lcdo. John Mudd como el abogado local que llevaría el caso. El 28 de marzo de 2005, la licenciada Monge García solicitó que se le relevase de la representación legal de ITT y ACE Insurance.

Luego de evaluar el caso, el Procurador General presentó querella señalando la posible violación, por parte de la licenciada Monge García, de los Cánones 21 y 38 de Ética Profesional, 4 L.P.R.A. Ap. IX. Vista la querella y la contestación a la misma, este Tribunal emitió resolución nombrando como Comisionado Especial al

---

[4] Según asevera la abogada querellada, todos los hechos relacionados a la presentación de los documentos en el tribunal federal le fueron informados tanto a los quejosos, como a los demás clientes de la licenciada, que la contrataron para que ésta los representase ante el Departamento de Trabajo Federal por sus reclamaciones bajo el *Defense Base Act.*

Lcdo. Wilfredo Alicea López, Ex Juez del Tribunal de Primera Instancia. A la luz de los hechos arriba indicados, según estipulados por las partes, el Comisionado Especial presentó su Informe. Con el beneficio de las posiciones de las partes, procedemos a resolver.

II

El Canon 21 de Ética Profesional, ante, dispone que el abogado tiene con sus clientes un deber de lealtad completa. En lo pertinente, el referido principio establece que no es propio de un profesional representar intereses encontrados. *Id.* Esto último ocurre cuando, en beneficio de un cliente, es deber del abogado abrogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente. *Id.* Dicha conducta proscrita ha sido denominada por la doctrina y la jurisprudencia como representación simultánea adversa. *In re Santiago Ríos*, res. el 18 de diciembre de 2007, 2008 T.S.P.R. 2.

El propósito de esta norma de conducta profesional es evitar poner en peligro el deber de confidencialidad que debe existir entre el abogado y su cliente, para así impedir el menoscabo de la justicia y de la confianza de los ciudadanos en el sistema. *In re Sepúlveda Girón*, 155 D.P.R. 345 (2001). En consecuencia, el deber de lealtad recogido en el Canon 21 de Ética Profesional, ante, le impone al abogado la obligación de guardar las

confidencias del cliente y evitar su divulgación. *In re Rivera Vicente*, res. el 30 de octubre de 2007, 2007 T.S.P.R. 189.

Como se deduce de lo antes expuesto, la prohibición sobre el conflicto de intereses requiere la existencia de una relación abogado-cliente dual. *In re* Soto Cardona, 143 D.P.R. 50 (1997). Este tipo de relación ha sido definida como una múltiple, compuesta por las diferentes funciones que puede desempeñar un abogado, como por ejemplo consejero intermediario, defensor, auditor, entre otras. *In re* Santiago Ríos, ante. Tanto la relación abogado-cliente como el grado particular y variable de responsabilidad que el abogado le debe a su cliente, depende del tipo de función que se ejerza. *Id.*

Por otra parte, la prohibición de que un abogado incurra en representación simultánea adversa no quiere decir que un abogado no pueda representar coetáneamente a dos clientes en asuntos similares. Liquilux Gas Corporation v. Berríos, 138 D.P.R. 850 (1995). Para determinar la existencia de un conflicto de intereses por razón de representación dual de clientes con intereses encontrados deberá utilizarse la fórmula de la relación sustancial entre los asuntos presentados por cada uno de los clientes. Véase: *In re Ortiz Martínez*, res. el 6 de abril de 2004, 2004 T.S.P.R. 66. Además, los intereses de ambos clientes tienen que ser adversos. Véase: Liquilux Gas Corporation v. Berríos, ante.

Hemos resuelto que existe un conflicto de intereses cuando hay alguna circunstancia que impide la representación libre y adecuada por parte del abogado y vulnera la lealtad absoluta que le debe todo abogado a su cliente. *In re* Ortiz Martínez, ante. No obstante, para imponerle al abogado la obligación de renunciar a la representación del cliente afectado el conflicto de intereses no tiene que ser real, sino que basta con que el mismo sea uno potencial. Véase: *In re* Santiago Ríos, ante. Por lo tanto, el abogado tiene que cuidarse de que sus actuaciones no den margen a la más leve sospecha de que promueve o defiende intereses encontrados con los de su cliente. *Id.*

III

Por otro lado, el Canon 38 de Ética Profesional, ante, dispone, en lo pertinente, que el abogado deberá esforzarse al máximo de su capacidad en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales, y debe evitar hasta la apariencia de conducta profesional impropia. Cada abogado es un espejo en el que se refleja la imagen de la profesión, por lo que éste debe actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejerce. *In re* Gordon Menéndez, res. el 18 de mayo de 2007, 2007 T.S.P.R. 108.

Hemos afirmado que el abogado tiene el deber de lucir puro y libre de influencias extrañas a su gestión profesional y, en el descargo de sus responsabilidades profesionales, debe cuidar que sus actuaciones no den margen a la más leve sospecha de que promueve intereses suyos encontrados con los de su cliente. *In re Morell Corrada*, 158 D.P.R. 791 (2003). Por ende, tampoco debe permitir la duda de que promueve intereses encontrados entre dos clientes suyos.

IV

El Procurador General y el Comisionado Especial concurren en que la abogada querellada incurrió en violación a los Cánones 21 y 38 de Ética Profesional, ante. Fundamentan su determinación en que la licenciada Monge García, a pesar de representar a los señores Ángel D. Rodríguez Cruz y Bernard Hall Marín, en contra de sus patronos Lockheed Martín Technical e ITT Federal Services International Corporation, respectivamente y en contra de la compañía aseguradora de los mismos ACE American Insurance, en un procedimiento administrativo, compareció ante el tribunal federal en el caso *Ventura* v. *ITT y ACE American Insurance Co.*, en representación de los demandados.

La licenciada Monge García, por su parte, alega que su participación en el caso *Ventura* v. *ITT y ACE American Insurance Co.* fue simplemente una de cooperación y

facilitadora. Aduce, además, que intervino en el caso solamente para solicitar una extensión de tiempo hasta que se le permitiera al licenciado Keith Flicker comparecer en una solicitud *Pro Hac Vice* y que lo hizo como una "*sister o local counsel*". Añade que toda la labor de preparación de documentos, estrategia y todas las decisiones las hacía el licenciado Flicker desde Nueva York, por lo que nunca intervino en las mismas. En consecuencia, aduce que nunca recibió información privilegiada y confidencial del caso. Finalmente, señala que no recibió ni tenía expectativa de ser remunerada económicamente en forma de honorarios por el trabajo realizado.

En contrario, el Procurador General alega que el simple hecho de comparecer al Tribunal en representación de ITT y ACE USA le convirtió en ese momento en representante legal de la aseguradora de los patronos de los quejosos, estando ella, por otro lado demandándola en los casos de los señores Rodríguez Cruz y Hall Marín. Sostiene el Procurador General que podemos presumir que la licenciada Monge García tuvo o pudo haber obtenido información confidencial y privilegiada de sus clientes, los quejosos, la cual podía utilizar o divulgar al representar simultáneamente al patrono del señor Hall Marín en otro caso y a la compañía de seguros ACE. Añade, que el hecho de que la querellada estuviese compareciendo en representación legal de la compañía de seguros del patrono de los quejosos podría influir en la confianza de

los señores Rodríguez Cruz y Hall Marín hacia la querellada.

No hay controversia en que la licenciada Monge García era la representante legal de los quejosos en su reclamo ante la agencia administrativa, por lo que les debía completa lealtad. Sin embargo, nos corresponde determinar si la relación entre la abogada querellada y las compañías ITT y ACE USA fue una de abogado-cliente, ello con el propósito de establecer si en este caso se incurrió en una violación al Canon 21.

La licenciada Monge García presentó ante el tribunal federal una petición para ser la abogada de las compañías demandadas, luego de que el agente de los clientes le solicitara que los representara. A pesar de que su comparecencia fue corta, radicó la contestación a la demanda entre otros documentos. Aun si fuese cierto que la querellada no preparó los escritos, surge del expediente que ésta los suscribió y los presentó con su número de colegiada ante el tribunal. A ella fue quién el tribunal reconoció como abogada de los demandantes y quién era responsable por lo allí dispuesto. Por lo tanto, aunque no prolongada, mediante su representación legal, <u>se creó una relación abogado-cliente entre la licenciada Monge García y las compañías ITT y ACE USA</u>. Además, para infringir en Canon 21 de Ética Profesional no es necesario que se pruebe que el abogado recibió confidencias y las divulgó,

sino que es suficiente que hubiese tenido la oportunidad de hacerlo.

Ahora bien, la abogada querellada alega que entre los dos pleitos en que compareció no existía la relación sustancial que exige el Canon 21 para proscribir su participación. Afirma, que tanto la naturaleza de las reclamaciones, como los fundamentos legales de las mismas, los procedimientos y el foro en que se dirimen cada una de ellas, son diferentes. Como expresáramos antes, los casos donde la querellada representaba a los quejosos se trataban de unas reclamaciones administrativas ante el Departamento de Trabajo federal por accidente de trabajo y enfermedad ocupacional bajo el *Defense Base Act.* Por otro lado, el caso en que la licenciada Monge García representaba a ITT y a ACE era una reclamación por daños y perjuicios causados en un accidente de trabajo bajo el *Jones Act* en el tribunal federal.

El propósito del Canon 21 es proteger las confidencias entre el abogado y el cliente, por lo tanto no es relevante ante que foro se hagan las reclamaciones o diriman las controversias. No obstante, es importante analizar el tipo de causa de acción presentada en cada uno de los litigios. Es cierto que cada reclamación estaba fundamentada en estatutos diferentes. El *Jones Act*, 46 U.S.C. 688, provee para que un marinero que tiene un accidente de trabajo reciba un remedio, bajo derecho marítimo, de su patrono por las lesiones causadas por los

actos negligentes de su patrono o de sus compañeros durante su trabajo en un barco o navío. Por otro lado, el *Defense Base Act*, 42 U.S.C. sec. 1651 *et seq.*, autoriza que se le compense por haber sufrido un accidente de trabajo bajo el *Harbor Workers Compensation Act,* 33 U.S.C. sec. 901 *et seq.*, a los obreros que laboran en bases militares fuera de los Estados Unidos. Como podemos notar, ambos estatutos se refieren a casos de compensación a trabajadores por accidentes de trabajo, aunque en espacios diferentes.

No podemos concluir que los litigios en los que participó la abogada querellada no estaban sustancialmente relacionados entre sí. Además, la conducta de la abogada padece de apariencia impropia, lo que mina la confianza de la ciudadanía en los profesionales del derecho.

Debe recordarse que los abogados somos los principales custodios de la reputación y de la opinión que la ciudadanía tenga sobre la profesión legal.

V

Somos del criterio, y así lo resolvemos, que la conducta en que incurrió la licenciada Monge García, al representar simultáneamente a dos clientes adversos con intereses encontrados, vulnera las disposiciones de los Cánones 21 y 38 de Ética Profesional, *ante.* Sin embargo, estamos convencidos de que la abogada querellada no tuvo el ánimo de violentar ninguna norma ética, que ella goza

de una buena reputación en su comunidad, que es su primera falta y que está sinceramente arrepentida. Además, la licenciada Monge García no le cobró honorarios por sus servicios a los quejosos, ni éstos sufrieron daños materiales a causa de su actuación. En consecuencia, limitamos la sanción a imponerse a la Lcda. Shirley Monge García a una <u>censura</u>, apercibiéndola de que en el futuro deberá ceñirse, estrictamente, a las disposiciones del Código de Ética Profesional.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re*

Shirley Monge García

                                    CP-2006-14
                                    CP-2006-15


                            SENTENCIA

San Juan, Puerto Rico, a 28 de marzo de 2008


        Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual forma parte íntegra de la presente, se dicta Sentencia censurando a la Lcda. Shirley Monge García y se le apercibe de que en el futuro deberá ceñirse, estrictamente, a las disposiciones del Código de Ética Profesional.

        Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo