per curiam:
Las quejas de epígrafe fueron presentadas por los Sres. Angel D. Rodríguez Cruz y Bernard Hall Ma-rín contra la Leda. Shirley M. Monge García,(1) a raíz de la representación legal que ésta les brindó en los casos Ángel D. Rodríguez v. Lockheed Martín Technical, OP, and ACE USA y Bernard Hall Marín v. ITT Federal Services International Corp. and ACE USA, respectivamente.
Ambos procedimientos disciplinários fueron consoli-dados. Exponemos los hechos conforme éstos surgen del expediente y del Informe del Comisionado Especial.
I
En febrero del 2001 los quejosos solicitaron la represen-tación legal de la licenciada Monge García en torno a unas reclamaciones administrativas ante el Departamento del Trabajo Federal, contra sus anteriores patronos y la com-pañía aseguradora de éstos.(2) Los mencionados patronos eran unas compañías privadas contratadas por el Departa-mento de Defensa de Estados Unidos, para prestar distin-tas labores en el Vieques Navy Range. Los quejosos alega- *382 ban haber estado expuestos a unos contaminantes tóxicos mientras trabajaban, por lo que las reclamaciones que te-nían eran sobre accidente de trabajo y enfermedad ocupa-cional, al amparo del estatuto federal Defense Base Act.
Posteriormente, el abogado de ITT, Keith L. Flicker,(3) se comunicó con la licenciada Monge García para solici-tarle que compareciera en el caso Ventura v. ITT y ACE American Insurance Co., ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico, en representación de las compañías demandadas. Según la querellada, el abo-gado Flicker le solicitó el referido “favor” en lo que él con-seguía otro abogado local o en lo que le aprobaban su in-tervención Pro Hac Vice, ya que le urgía presentar la contestación a la demanda antes de que transcurriese el término estatutario. El pleito era sobre daños y perjuicios presentado al amparo del Jones Act, por un empleado que se lesionó en un barco trabajando para ITT.
La licenciada Monge García compareció ante el foro federal el 10 de septiembre de 2004 solicitando una prórroga para contestar.(4) Oportunamente, la abogada querellada también presentó la contestación a la demanda y un me-morando conjunto sobre la propuesta inicial del calendario. Posteriormente, presentó la solicitud Pro Hac Vice del abo-gado Flicker. Esta última fue denegada, por lo que Flicker contrató al Ledo. John Mudd como el abogado local que llevaría el caso. El 28 de marzo de 2005, la licenciada Monge García solicitó que se le relevase de la representa-ción legal de ITT y ACE Insurance.
Luego de evaluar el caso, el Procurador General pre- *383 sentó una querella para señalar la posible violación, por parte de la licenciada Monge García, de los Cánones 21 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Vista la querella y la contestación a ésta, este Tribunal emitió una resolución nombrando como Comisionado Especial al Ledo. Wilfredo Alicea López, ex Juez del Tribunal de Pri-mera Instancia. A la luz de los hechos arriba indicados, según estipulados por las partes, el Comisionado Especial presentó su informe. Con el beneficio de las posiciones de las partes, procedemos a resolver.
II
 El Canon 21 del Código de Ética Profesional, ante, dispone que el abogado tiene un deber de lealtad completa con sus clientes. En lo pertinente, establece que no es pro-pio de un profesional representar intereses encontrados. Esto ocurre cuando, en beneficio de un cliente, el abogado aboga por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente. Dicha conducta proscrita ha sido denominada por la doctrina y la jurispru-dencia como representación simultánea adversa. In re Santiago Ríos, 172 D.P.R. 802 (2008).
El propósito de esta norma de conducta profesional es evitar poner en peligro el deber de confidencialidad que debe existir entre el abogado y su cliente, para así impedir el menoscabo de la justicia y de la confianza de los ciuda-danos en el sistema. In re Sepulveda Girón, 155 D.P.R. 345 (2001). En consecuencia, el deber de lealtad recogido en el Canon 21 del Código de Ética Profesional, ante, impone al abogado la obligación de guardar las confidencias del cliente y evitar su divulgación. In re Rivera Vicente, 172 D.P.R. 349 (2008).
Como se deduce de lo antes expuesto, la prohibición sobre el conflicto de intereses requiere la existencia de una relación abogado-cliente dual. In re Soto Cardona, 143 *384 D.P.R. 50 (1997). Este tipo de relación ha sido definida como múltiple, compuesta por las diferentes funciones que puede desempeñar un abogado, como por ejemplo, conse-jero intermediario, defensor, auditor, entre otras. In re Santiago Ríos, ante. Tanto la relación abogado-cliente como el grado particular y variable de responsabilidad que el abogado debe a su cliente, depende del tipo de función que se ejerza. Id.
Por otra parte, la prohibición de que un abogado incurra en representación simultánea adversa no quiere decir que un abogado no pueda representar coetáneamente a dos clientes en asuntos similares. Liquilux Gas Corp. v. Berrios, Zaragoza, 138 D.P.R. 850 (1995). Para determinar la existencia de un conflicto de intereses por razón de representación dual de clientes con intereses encontrados deberá utilizarse la fórmula de la relación sustancial entre los asuntos presentados por cada uno de los clientes. Véase In re Ortiz Martínez, 161 D.P.R. 572 (2004). Además, los intereses de ambos clientes tienen que ser adversos. Véase Liquilux Gas Corp. v. Berrios, Zaragoza, ante.
Hemos resuelto que existe un conflicto de intereses cuando hay alguna circunstancia que impide la representación libre y adecuada por parte del abogado y vulnera la lealtad absoluta que éste debe a su cliente. In re Ortiz Martínez, ante. No obstante, para imponer al abogado la obligación de renunciar a la representación del cliente afectado, el conflicto de intereses no tiene que ser real, sino que basta con que sea potencial. Véase In re Santiago Ríos, ante. Por lo tanto, el abogado tiene que cuidarse de que sus actuaciones no den margen a la más leve sospecha de que promueve o defiende intereses encontrados con los de su cliente. Id.
*385 III
Por otro lado, el Canon 38 del Código de Ética Profesional, ante, dispone, en lo pertinente, que el abogado deberá esforzarse al máximo de su capacidad en la exaltación del honor y la dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales, y debe evitar hasta la apariencia de conducta profesional impropia. Cada abogado es un espejo en el que se refleja la imagen de la profesión, por lo que debe actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejerce. In re Gordon Menéndez I, 171 D.P.R. 210 (2007).
Hemos afirmado que el abogado tiene el deber de lucir puro y libre de influencias extrañas a su gestión profesional y, en el descargo de sus responsabilidades profesionales, debe cuidar que sus actuaciones no den margen a la más leve sospecha de que promueve intereses suyos encontrados con los de su cliente. In re Morell, Alcover, 158 D.P.R. 791 (2003). Por ende, tampoco debe permitir la duda de que promueve intereses encontrados entre dos clientes suyos.
IV
El Procurador General y el Comisionado Especial con-curren en que la abogada querellada incurrió en violación a los Cánones 21 y 38 del Código de Ética Profesional, ante. Fundamentan su determinación en que la licenciada Monge García, a pesar de representar a los Sres. Ángel D. Rodríguez Cruz y Bernard Hall Marín un procedimiento administrativo en contra sus patronos Lockheed Martín Technical e ITT Federal Services International Corporation, respectivamente, y contra ACE American Insurance —compañía aseguradora de éstos— compareció ante el tribunal federal en el caso Ventura v. ITT y ACE American Insurance Co., en representación de los demandados.
*386 La licenciada Monge García, por su parte, alega que su participación en el caso Ventura v. ITT y ACE American Insurance Co. fue simplemente de cooperación y como facilitadora. Aduce, además, que intervino en. el caso sola-mente para solicitar una extensión de tiempo hasta que se le permitiera al Lie. Keith Flicker comparecer en una soli-citud Pro Hac Vice y que lo hizo como una “sister o local counsel”. Añade que toda la labor de preparación de docu-mentos, estrategia y todas las decisiones las hacía el licen-ciado Flicker desde Nueva York, por lo que nunca intervino en éstas. En consecuencia, aduce que nunca recibió infor-mación privilegiada y confidencial del caso. Finalmente, señala que no recibió ni tenía expectativa de ser remune-rada económicamente en forma de honorarios por el tra-bajo realizado.
En contrario, el Procurador General alega que el simple hecho de comparecer al tribunal en representación de ITT y ACE USA la convirtió en ese momento en representante legal de la aseguradora de los patronos de los quejosos, estando ella, por otro lado, demandándola en los casos de los señores Rodríguez Cruz y,Hall Marín. Sostiene el Pro-curador General que podemos asumir que la licenciada Monge García tuvo o pudo haber obtenido información con-fidencial y privilegiada de sus clientes —los quejosos— la cual podía utilizar o divulgar al representar simultánea-mente al patrono del señor Hall Marín en otro caso y a la compañía de seguros ACE. Añade, que el hecho de que la querellada estuviese compareciendo en representación legal de la compañía de seguros del patrono de los quejosos, podría influir en la confianza de los señores Rodríguez Cruz y Hall Marín hacia la querellada.
No hay controversia en que la licenciada Monge García era la representante legal de los quejosos en su reclamo ante la agencia administrativa, por lo que les debía com-pleta lealtad. Sin embargo, nos corresponde determinar si la relación entre la abogada querellada y las compañías *387 ITT y ACE USA fue una de abogado-cliente, con el propó-sito de establecer si en este caso se incurrió en una viola-ción al Canon 21 del Código de Ética Profesional, ante.
La licenciada Monge García presentó ante el tribunal federal una petición para ser la abogada de las compañías demandadas, luego de que el agente de los clientes le solicitara que los representara. A pesar de que su comparecencia fue corta, presentó la contestación a la demanda entre otros documentos. Aun si fuese cierto que la querellada no preparó los escritos, surge del expediente que ésta los suscribió y los presentó con su número de colegiada ante el tribunal. A ella fue quien el tribunal reconoció como abogada de los demandantes y quien era responsable por lo allí dispuesto. Por lo tanto, aunque no prolongada, mediante su representación legal, se creó una relación abogado-cliente entre la licenciada Monge García y las compañías ITT y ACE USA. Además, para infringir el Canon 21 del Código de Ética Profesional, ante, no es necesario que se pruebe que el abogado recibió confidencias y las divulgó, sino que es suficiente que hubiese tenido la oportunidad de hacerlo.
Ahora bien, la abogada querellada alega que entre los dos pleitos en que compareció no existía la relación sustan-cial que exige el citado Canon 21 del Código de Ética Pro-fesional para proscribir su participación. Afirma que tanto la naturaleza de las reclamaciones, como los fundamentos legales de éstas, los procedimientos y el foro en que cada una se dirimía, eran diferentes. Como expresáramos antes, los casos en los que la querellada representaba a los que-josos trataban de unas reclamaciones administrativas ante el Departamento de Trabajo Federal por accidente de tra-bajo y enfermedad ocupacional al amparo del Defense Base Act. Por otro lado, el caso en que la licenciada Monge Gar-cía representaba a ITT y a ACE era una reclamación por daños y perjuicios causados en un accidente de trabajo al amparo del Jones Act en el tribunal federal.
*388 El propósito del Canon 21 del Código de Ética Profesional, ante, es proteger las confidencias entre el abogado y el cliente, por lo tanto no es relevante ante qué foro se hagan las reclamaciones o diriman las controversias. No obstante, es importante analizar el tipo de causa de acción presentada en cada uno de los litigios. Es cierto que cada reclamación estaba fundamentada en estatutos diferentes. El Jones Act, 46 U.S.C.A. see. 688, provee para que un marinero que tiene un accidente de trabajo reciba un remedio, bajo derecho marítimo, de su patrono por las lesiones causadas por los actos negligentes de su patrono o de sus compañeros durante su trabajo en un barco o navio. Por otro lado, el Defense Base Act, 42 U.S.C.A. see. 1651 et seq., autoriza que se le compense por haber sufrido un accidente de trabajo al amparo del Longshore and Harbor Workers Compensation Act, 33 U;S.C.A. sec. 901 et seq., a los obreros que laboran en bases militares fuera de Estados Unidos. Como podemos notar, ambos estatutos se refieren a casos de compensación a trabajadores por accidentes de trabajo, aunque en espacios diferentes.
No podemos concluir que los litigios en los que participó la abogada querellada no estaban sustancialmente relacio-nados entre sí. Además, la conducta de la abogada padece de apariencia impropia, lo que mina la confianza de la ciu-dadanía en los profesionales del derecho.
Debe recordarse que los abogados somos los principales custodios de la reputación y de la opinión que la ciudada-nía tenga sobre la profesión legal.
V
Somos del criterio, y así lo resolvemos, que la conducta en que incurrió la licenciada Monge García, al representar simultáneamente a dos clientes adversos con intereses en-contrados, vulnera las disposiciones de los Cánones 21 y 38 del Código de Ética Profesional, ante. Sin embargo, esta- *389 mos convencidos de que la abogada querellada no tuyo el ánimo de violentar ninguna norma ética, que ella goza de una buena reputación en su comunidad, que es su primera falta y que está sinceramente arrepentida. Además, la li-cenciada Monge García no le cobró honorarios por sus ser-vicios a los quejosos ni éstos sufrieron daños materiales a causa de su actuación. En consecuencia, limitamos la san-ción a imponerse a la Leda. Shirley Monge García a una censura, apercibiéndola de que en el futuro deberá ceñirse, estrictamente, a las disposiciones del Código de Ética Profesional.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez no intervino.

 La Leda. Shirley M. Monge García fue admitida al ejercicio de la abogacía en Puerto Rico el 8 de agosto de 1990 y al ejercicio del notariado el 24 de mayo de 1995.

 Las compañías contra las cuales se instó demanda son Lockheed Martin Technical, OP, ITT Federal Services International Corporation y ACE American Insurance.

 El abogado Keith Flicker está admitido al ejercicio de la abogacía en Nueva Jersey y Nueva York, mas no está admitido para ejercer la abogacía en Puerto Rico. Este no puede comparecer al Tribunal de Distrito Federal para el Distrito de Puerto Rico sin una autorización previa del referido tribunal.

 Según asevera la abogada querellada, todos los hechos relacionados a la presentación de los documentos en el tribunal federal le fueron informados tanto a los quejosos como a los demás clientes de la licenciada, que la contrataron para que ésta los representase ante el Departamento de Trabajo Federal por sus reclamacio-nes bajo el Defense Base Act.