Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br> Isel M. Falcón López | 2013 TSPR 123 <br><br> 189 DPR ____ |

Número del Caso: CP-2012-11

Fecha: 25 de octubre de 2013

Abogado de la Parte Querellada:

Lcdo. Efraín Guzmán Mollet

Oficina del Procurador General:

Lcdo. Luis Román Negrón
Procurador General

Lcda. Tatiana Grajales Torruellas
Subprocuradora General

Lcda. Edna E. Rodríguez Benítez
Procuradora General Auxiliar

Materia: Conducta Profesional – La suspensión será efectiva el 30 de octubre de 2013, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcda. Isel M. Falcón López        CP-2012-11


PER CURIAM

En San Juan, Puerto Rico, a 25 de octubre de 2013.

En esta ocasión debemos suspender a una abogada tras ser declarada culpable por cinco (5) cargos de delito menos grave por infracción a la Sec. 6059 del Código de Rentas Internas, 13 L.P.R.A. ant. sec. 8064, por no conservar constancias suficientes para determinar su responsabilidad contributiva según exigido por el Art. 1054(a)(1) del Reglamento Núm. 5078 del 3 de abril de 1998 del Departamento de Hacienda.

I.

La Lcda. Isel M. Falcón López fue admitida al ejercicio de la abogacía el 13 de agosto de 1986. El 14 de abril de 2009, la División de Integridad

Pública, Delitos Económicos y Asuntos del Contralor del Departamento de Justicia y el Departamento de Hacienda presentaron diez (10) cargos contra el matrimonio compuesto por el Lcdo. Guillermo Ramos Luiña y la licenciada Falcón López por alegada violación a la Sec. 6049(d) del Código de Rentas Internas de 1994 en su modalidad de delito grave, 13 L.P.R.A. ant. sec. 8054(d). Los cargos imputaban no haber radicado las planillas de contribución sobre ingresos durante los años 2003 al 2007.

En la vista de Regla 6, no se determinó causa probable por el delito imputado; sino por el delito menos grave de no haber rendido a tiempo planillas de contribución sobre ingresos para los años 2003 al 2007, tipificado en la Sec. 6049(c), 13 L.P.R.A. ant. sec. 8054(c). El Estado acudió en alzada, sin éxito. Esto respondió a que, durante la investigación y el procedimiento penal, los esposos rindieron las planillas correspondientes y entregaron al Departamento de Hacienda las cantidades adeudadas ($246,236.75). Tras varios trámites procesales, el 22 de abril de 2010, el Tribunal de Primera Instancia dictó sentencia conforme a un preacuerdo en el cual los cinco (5) cargos graves que pesaban en contra del licenciado Ramos Luiña se archivaron y la licenciada Falcón López se declaró culpable de cinco (5) cargos menos graves de infracción a la Sec. 6059 del Código de Rentas Internas de 1994, 13 L.P.R.A. ant. sec. 8064, el cual dispone:

> Delito por Violaciones Generales al Código- toda persona que no cumpla con cualquier disposición de cualquier Subtítulo del Código o de los

reglamentos promulgados en virtud del mismo, o con cualquier otra ley o reglamento de Puerto Rico relacionado con impuestos de rentas internas, o que a sabiendas coopere, induzca, o de otro modo ayude a una persona a violar las leyes y reglamentos mencionados y para lo cual no se haya dispuesto específicamente de otra manera en este Subtítulo, incurrirá en un delito menos grave.

En específico, la letrada se declaró culpable de violar el Art. 1054(a)1 del Reglamento Núm. 5780 del 3 de abril de 1998 del Departamento de Hacienda que dispone:

Artículo 1054(a)1 - Constancias y planillas especiales por el contribuyente.

(a) Toda persona, excepto aquellas cuyo ingreso bruto (1) consista únicamente de salarios, sueldos o remuneración similar por servicios personales prestados, o (2) proceda tan sólo del negocio de cosechar y vender productos de la tierra, deberá, para los fines de permitir al Secretario determinar la cantidad correcta del ingreso sujeto a contribución, llevar aquellos libros de contabilidad y conservar los documentos y constancias, inventarios, que sean suficientes para establecer la cantidad del ingreso bruto y las deducciones, créditos y otros detalles que de acuerdo con el Código deben aparecer en cualquier planilla.

Se le impuso una multa y pena especial de $100.00 por cada cargo, la cual fue satisfecha oportunamente.

Por estos hechos, la Oficina del Procurador General nos presentó un Informe. Luego de examinarlo, el 10 de febrero de 2012, ordenamos la presentación de la querella correspondiente en contra de la licenciada Falcón López. En la misma, se imputó violación a la Sec. 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735, y al Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Los cargos fueron los siguientes:

Cargo I: La conducta de la licenciada Isel M. Falcón López, que conllevó que fuese declarada culpable de cinco cargos menos graves por infringir la Sección 6059 del Código de Rentas Internas, violentó la Sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735, la cual establece que el abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de su profesión. In re Toro Goyco, 170 D.P.R. 432 (2007); In re Calderón Nieves, 157 D.P.R. 299 (2002); In re Rivera Cintrón, 114 D.P.R. 481 (1983).

Cargo II: La licenciada Isel M. Falcón López violentó las disposiciones del Canon 38 de Ética Profesional al haber incurrido en conducta impropia y fraudulenta lesionando así el honor y la dignidad de la profesión de abogado.

El 31 de mayo de 2012, se notificó la querella a la letrada y se le concedió un término de quince (15) días, a partir del recibo de la notificación, para contestarla. En su contestación, aceptó los hechos según expuestos. Expuso además que, por decisión voluntaria, no ejercía la profesión desde principios del año 2011. Invocó como defensa que la determinación de no causa probable por los cargos del delito grave, al ser final y firme, constituye cosa juzgada o impedimento colateral por sentencia con relación al procedimiento disciplinario. Alegó también que, al momento de rendir las planillas en cuestión, no tenía conocimiento de que estaba siendo investigada criminal o administrativamente y que el pago hecho al Departamento de Hacienda incluía el pago de principal e intereses. Además, señaló que no fue declarada culpable de delitos en conexión con la profesión y

que la conducta por la cual fue sentenciada no implica depravación moral. Luego de analizar la querella y la contestación de la querellada, nombramos como Comisionada Especial a la Hon. Eliadis Orsini Zayas, quien celebró varias vistas.

Entre tanto, el 13 de julio de 2012, la letrada presentó su primera Moción solicitando permiso para renunciar voluntariamente a la práctica de la profesión junto a una declaración jurada en donde expresaba que por numerosas vicisitudes de la vida no tenía ánimo ni fuerza para enfrentar el procedimiento disciplinario en su contra ni para ejercer la profesión. Esta moción fue declarada no ha lugar el 26 de octubre de 2012 mediante Resolución. Además, se le concedió un término de veinte (20) días para que expresara por qué no debía ser suspendida de la profesión por motivo de la sentencia dictada en su contra. La letrada oportunamente compareció y reiteró que no ejercía la profesión desde hace más de dos (2) años y que no deseaba practicarla en el futuro, por lo que no tenía intención de defenderse de la querella en su contra.

Luego de los trámites de rigor, la Comisionada Especial rindió su Informe. Concluyó que la licenciada Falcón López no violó la Sec. 9 de la Ley del 11 de marzo de 1909, *supra*, pero que sí violó el Canon 38, *supra.* En vista de que "la propia abogada ha sometido una petición en la que se solicita se le autorice renunciar permanentemente a la profesión legal" y que "esto representa que ya ella misma provee con la sanción máxima posible" recomendó aceptar la petición de

renuncia sin emitir un dictamen ético. Informe de la Comisionada Especial, pág. 17.

II.

La Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, establece que:

> [e]l abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultado para dejar sin efecto o modificar la orden de suspensión.

Esta disposición establece las instancias que ameritan la separación de la profesión de un abogado. No sólo la comisión de un delito grave o menos grave en conexión con la profesión acarrea la separación de la abogacía, sino también cualquier delito que conlleve depravación moral. In re Toro Goyco, 170 D.P.R. 432, 436 (2007). Dado que los delitos por los cuales la licenciada Falcón López fue convicta, no tienen conexión directa con el ejercicio de la profesión legal, debemos examinar si implican depravación moral.

La jurisprudencia de este Tribunal ha expresado que la depravación moral "consiste en hacer algo contrario a la

justicia, la honradez, los buenos principios o la moral, como el delito de extorsión o el de defalco". In re Toro Goyco, *supra*, págs. 436-437; In re Vega Morales, 167 D.P.R. 331, 335 (2006); In re Piñero Martínez, 161 D.P.R. 293, 295-296 (2004). El análisis se basa en la intención del actor y en la naturaleza engañosa de la acción. In re Toro Goyco, *supra.* Además, hemos señalado que "en cuanto a lo que implica depravación moral, no importa la distinción entre delito grave o menos grave". Íd., pág. 439. En síntesis, depravación o torpeza moral es "un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto, la seguridad de la vida y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias". In re Rivera Cintrón, 114 D.P.R. 481, 491 (1983).

Específicamente, este Tribunal se ha expresado anteriormente sobre la conducta de abogados que no rinden sus planillas de contribución sobre ingresos. En In re Rivera Cintrón, *supra*, suspendimos al letrado indefinidamente luego de analizar su conducta de no presentar sus planillas de contribución sobre ingresos unido a conducta contumaz ante el asunto. De igual forma, en In re Calderón Nieves, 157 D.P.R. 299 (2002), ordenamos la separación indefinida e inmediata del ejercicio de la abogacía y la notaría del abogado tras ser sentenciado conforme a una alegación preacordada por cuatro violaciones a la Sec. 145(c) de la entonces vigente Ley de Contribuciones sobre Ingresos de 1954, 13 L.P.R.A.

ant. sec. 3145(c), por no rendir sus planillas de contribución sobre ingresos. Finalmente, en In re Toro Goyco, *supra*, separamos inmediata e indefinidamente de la profesión al letrado luego de ser hallado culpable, tras una alegación preacordada, de tres cargos menos grave de violación a la entonces vigente Sec. 145(a) de la Ley de Contribuciones sobre Ingresos de 1954, 13 L.P.R.A. ant. sec. 3145(a), por dejar de someter información en su planilla de contribución sobre ingresos.

Por su parte, el Código de Ética Profesional, *supra*, recoge las normas mínimas de conducta que rigen a los miembros de la profesión legal. Este promueve un comportamiento ejemplar por parte de los abogados en el desempeño de su labor. In re Hernández González, 2013 T.S.P.R. 70, 188 D.P.R. __ (2013); In re Mulero Fernández, 174 D.P.R. 18, 28 (2008). En particular, el Canon 38, *supra*, dispone, en lo pertinente:

> [e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. […]
>
> Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable.

Consiguientemente, un abogado que no se conduce digna y honorablemente viola el Canon 38, *supra*. In re Santiago Concepción, 2013 T.S.P.R. 93, 189 D.P.R __ (2013); In re Hernández Vázquez, 180 D.P.R. 527, 541 (2010); In re Roldán

Figueroa, 106 D.P.R. 4, 12 (1977). Incluso, los abogados tienen la obligación de evitar la conducta impropia en su vida profesional y personal, tanto en la realidad como en la apariencia. In re Santiago Concepción, *supra*; In re Cotto Luna, 2013 T.S.P.R. 8, 187 D.P.R. ___ (2013); In re Peña, Santiago, 185 D.P.R. 764, 781 (2012). De lo contrario, podrían enfrentar la suspensión o desaforo del ejercicio de la profesión. In re Campoamor Redín, 150 D.P.R. 138, 153 (2000).

III.

La licenciada Falcón López fue hallada culpable de cinco (5) cargos menos grave de infracción a la Sec. 6059 del Código de Rentas Internas de 1994, *supra*, sobre violaciones generales al código y los reglamentos promulgados en virtud del mismo. En particular, la letrada se declaró culpable de violar el Art. 1054(a)1 del Reglamento Núm. 5780 del 3 de abril de 1998 del Departamento de Hacienda sobre conservar constancias suficientes para determinar su responsabilidad contributiva.

Según la Comisionada Especial, la conducta de la licenciada Falcón López no es constitutiva de depravación moral. Diferimos. En la jurisprudencia antes reseñada hemos reiterado que este tipo de conducta sí denota depravación moral. Sus actuaciones denotan una intención de engañar y defraudar al fisco por cinco años consecutivos. No hay duda que los delitos por los cuales fue hallada culpable muestran conducta contraria a la honradez, los buenos principios y la

moral. De igual forma, violó el Canon 38 de Ética Profesional, *supra*, al no exaltar el honor y dignidad de la profesión.


                                IV.

Por los fundamentos antes expuestos, ordenamos la separación inmediata e indefinida de Isel M. Falcón López del ejercicio de la abogacía. Le ordenamos notificar a sus clientes su inhabilidad para continuar representándolos, así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país en los que tenga asuntos pendientes. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcda. Isel M. Falcón López                    CP-2012-11


SENTENCIA


En San Juan, Puerto Rico, a 25 de octubre de 2013.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, ordenamos la separación inmediata e indefinida de Isel M. Falcón López del ejercicio de la abogacía. Le ordenamos notificar a sus clientes su inhabilidad para continuar representándolos, así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país en los que tenga asuntos pendientes. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no interviene. El Juez Asociado señor Rivera García no intervino.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo